Appeal of Henry O. Bonnell, Trustee of the Mahoning Valley Iron Company, in Mutual Life Insurance Company of New York, For Use, etc., *v.* John Smith.

The defense of usury is personal, and if the debtor does not choose to make it, one who is a stranger to the contract cannot.

A terre-tenant of mortgaged premises under warranty of title cannot avail himself of the defense of usury on scire facias to foreclose the mortgage on his land given by his grantor, and he cannot be permitted to become a party defendant to the record for the purpose of setting up such defense.

(Argued October 20, 1886. Decided November 1, 1886.)

October Term, 1886, No. 198, W. D., before GORDON, TRUN-

Cited in Reap v. Battle, 6 Kulp, 423.

NOTE.—For similar determinations see Stayton v. Riddle, 114 Pa. 464, 7 Atl. 72; Reap v. Battle, 6 Kulp, 423; Osborn v. First Nat. Bank, 175 Pa. 494, 34 Atl. 858.

KEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Common Pleas of Butler County discharging a rule to show cause, etc., in an action of sci. fa. sur mortgage. Affirmed.

The action was brought by the Mutual Life Insurance Company of New York for the use of William G. Smith, against John Smith. The writ was duly served on the defendant. Shortly thereafter a petition was presented to the court by Henry O. Bonnell, of Youngstown, Ohio, trustee for the Mahoning Valley Iron Company of the same place, which set forth:

. That on April 13, 1882, petitioner purchased from John Smith, of Cherry township, Butler county, Pennsylvania, fifty acres of land situate in same township, county, and state, for which Smith delivered him a deed of general warranty, which is duly recorded, etc.; that on May 14, 1878, prior to said purchase, Smith had given a mortgage to the Mutual Life Insurance Company, of New York, on 300 acres of land in said township, county, and state, including therein the fifty acres of land purchased by the petitioner, to secure the payment of said insurance company of the sum of $6,500 with interest at the rate of 7 per cent payable semi-annually on the 1st days of June and December; that said mortgage has been purchased by one Wm. G. Smith, a cousin of said mortgagor, and an assignment of the same taken by said Wm. G. Smith from said insurance company; that said Wm. G. Smith, as assignee of said mortgage, has issued or caused to be issued a scire facias on said mortgage, together with a rule to file an affidavit of defense, for the purpose of foreclosing the same and obtaining judgment thereon, which said scire facias and rule appear of record, etc.; that, from the sworn statement of amount due on said mortgage filed by said Wm. G. Smith, it appears that he is asking judgment for the sum of $6,986.75 with interest from August 1, 1885, which is largely in excess of the amount actually due, as the same includes a large amount of usurious interest; that since the purchase by petitioner of the 50 acres of land, the Mahoning Valley Iron Company has expended many thousands of dollars in the erection of buildings on the same and has built thereon what is known as the town of Gomersol; that the balance of the land included in said mortgage, after deducting the said 50 acres, will not sell at public sale for sufficient to pay said mortgage unless bid up by your petitioner in order to protect the said

50 acres; that although the Mahoning Valley Iron Company is terre-tenant of part of said mortgaged premises, yet it has not been given legal notice of said scire facias, and the petitioner verily believes that the said John Smith is acting in collusion with his cousin, Wm. G. Smith, and will permit judgment to be taken in said scire facias on said mortgage, for a larger amount than is actually due and owing, and thus the petitioner's land be made liable for a larger amount than is justly owing on said mortgage.

Your petitioner, therefore, prays that he be permitted to become a party defendant in said scire facias, and that he be permitted to file his affidavit of defense thereto, for the purpose of contesting the same and ascertaining the true amount for which judgment should go against his land. Your petitioner as in duty bound will ever pray.

The court granted a rule to show cause and after hearing and argument thereon entered a decree discharging the same; whereupon the petitioner Bonnell appealed.

The assignments of error specified the action of the court: in discharging the rule to show cause; in not permitting appellant, terret-enant of the mortgaged premises, to become a party defendant to the record; in denying the prayer of the petition and not permitting petitioner to make any equitable or legal defense he might have to the sci. fa.; and in decreeing that the terre-tenant of mortgaged premises under warranty of title could not avail himself of the defense of usury on sci. fa. to foreclose the mortgage on his land.

Further facts are set out in the opinion.

*Clarence Walker* for appellant.

Opinion by Mr. Justice Green:

We are unable to discover in the appellant's affidavit any defense of which he can avail himself. He sets up nothing but usury paid by the mortgagor, but he does not aver that the mortgagor desires to defend on that ground. The mortgagor is the defendant in the scire facias, and if he desires to make the defense of usury, he can do so. But in the present state of the law that defense is personal, and if the debtor does not choose to make it, one who is a stranger to the contract cannot. When the appellant bought the land of the mortgagor the mortgage in

question was spread upon the record, and he bought with his eyes open. He knew the precise amount of the lien which encumbered the land just as well as if it had been a judgment.

In Miners' Trust Co. Bank v. Roseberry, 81 Pa. 309, we held that when an owner of land borrowed money at usurious interest and gave a bond for its payment, on which judgment was entered, and he was afterwards adjudged a bankrupt and his land was sold by the assignee, the purchaser could not have the judgment reduced by the amount of the usury. In the opinion all the recent decisions were reviewed, showing the changes in our usury law. MERCUR, J., said:

"The defendant in error does not claim as a creditor. He claims as a purchaser at a sale made several months after the entry of the judgment. He bought with full notice of its existence. He knew that he bought subject to its encumbrance. Presumably, he paid a sum equal to the amount of the judgment less than he would otherwise have done. He was not defrauded. He got just what he purchased."

We are unable to see how the fact of a general warranty in the appellant's deed changed the situation. The right of action on that covenant remains; but how it can confer a right to the covenantee to set off usury against the mortgagee which the mortgagor, who is the covenantor, does not choose to assert in defense against the mortgage, we cannot understand.

Judgment affirmed.