## Elmer W. Gaehring and J. F. Gaehring, trading as E. W. Gaehring & Co., *v.* Mrs. F. V. Haedrich, trading as E. M. Haedrich. Appeal of Edward M. Haedrich.

*Practice, C. P.—Motion to vacate judgment.*

A person not a party to the record has no standing in law or equity to question by petition the validity of a judgment in personam.

If it is contended that property standing in the name of the defendant in the judgment belongs to the petitioner the remedy for the seizure of it in satisfaction of the judgment is not in this form.

Argued Oct. 13, 1898. Appeal, No. 137, Oct. T., 1898, by Edward M. Haedrich, from final order of C. P. No. 3, Phila. Co., June T., 1897, No. 343, refusing rule to vacate judgment and set aside verdict and grant a new trial and permit appellant to intervene as a party defendant. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition to vacate judgment and to permit petitioner to intervene as a party defendant.

It appears from the record that the defendant in the court below was Mrs. F. V. Haedrich. On January 3, 1898, a verdict was entered in favor of plaintiff for $627.03, and judgment was entered thereon on January 19, 1898. The appellant, Edward M. Haedrich, petitioned the lower court to vacate the judgment, set aside the verdict and grant a new trial and permit him to intervene as a party defendant on the ground that the verdict and judgment had been entered illegally and by

fraud and collusion to his injury, and that he was the proper defendant and not his wife, who had been made defendant, and that he had a full and legal defense to the whole claim.

The lower court, upon petition, granted on June 30, 1898, a rule to show cause, and on July 11, 1898, entered its final order, discharging said rule. Petitioner appealed.

*Error assigned* among others was discharging the rule to show cause why the judgment should not be vacated, etc.

*Horace M. Rumsey,* for appellant.—The presentation of the petition in the present case is the practice indicated by Mr. Justice MITCHELL in Fisher v. Railway Co., 185 Pa. 602.

The court at a subsequent term may even set aside a judgment on the ground of fraud, or where it has been surreptitiously obtained: Medford v. Dorsey, 2 Wash. C. C. 433; Peterson v. Peterson, 13 Phila. 82, affirmed by the Supreme Court in 93 Pa. 242.

The appellant court has the power on appeal to review the discretion of the Superior Court in such matters: Heist v. Tobias, 182 Pa. 442.

An injunction will lie against a judgment obtained by collusion between the parties to it for the purpose of defrauding a third person: Hardy v. Broaddus, 35 Texas, 668. See also Reed v. Latham, 40 Conn. 452; Warner v. Blakeman, 4 Keyes (N. Y.), 487, 507.

*John M. Vanderslice,* for appellee.—This is a novel proceeding. The appellant is not a party to the record, but he alleges that he is aggrieved because a judgment against his wife affects property purchased by him, but the title of which was taken in the name of his wife as a matter of convenience.

This was a case where there was an undisclosed principal and when that principal was ascertained, suit was properly brought against her: Hall v. White, 123 Pa. 95.

PER CURIAM, November 14, 1898:

Edward M. Haedrick petitioned the court to vacate a judgment in personam regularly obtained against F. V. Haedrick, set aside the verdict, grant a new trial, and permit him to in-

tervene as a party defendant. This was a novel application. It seems sufficient to say that the appellant was not a party to this record, and had no standing in law or in equity to question the validity of the judgment. If, as he contends, the property standing in the name of the defendant in the judgment in reality belongs to him, his remedy for the seizure of it in satisfaction of the judgment is not in this form. Therefore the court committed no error in discharging his rule.

Order affirmed and appeal dismissed at the costs of the appellant.