## Smith's Assigned Estate.

*Assignment for creditors—Sale—Divesting of liens.*

Where real estate subject to the lien of two judgments and a mortgage, prior in date to a lien created by deed, is sold by an assignee for creditors under an order of court which sets out the judgments and the mortgage as the liens to be divested, and notice is given at the sale that the land will be sold subject to the lien created by deed, but free and discharged from all other liens, the two judgments and the mortgage will be divested, and the owners of the judgments and mortgage will be entitled to participate in the proceeds of the sale.

Argued March 18, 1901. Appeal, No. 10, March T., 1901, by H. M. Fritz, from order of C. P. Franklin Co., dismissing exceptions to auditor's report in the matter of A. L. Smith's Assigned Estate. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of Charles Walter, Esq., auditor.

From the record it appeared that on August 30, 1890, Daniel Bonebrake and Rebecca, his wife, conveyed eighty-eight acres and seventy-four perches of land to A. L. Smith. The habendum clause of the deed contained the following reservation : " Nevertheless the maintenance of Daniel Bonebrake, and Rebecca, his wife, during their natural life, is a part of the consideration herein mentioned, therefore the title does not become clear of

all incumbrance until at the death of the said Daniel Bonebrake, and Rebecca, his wife."

At the time of this conveyance the land was subject to liens of two judgments, one of which was entered January 23, 1888, for $500, and one entered April 1, 1889, for $500, both of which were subsequently revived, and to the lien a mortgage recorded June 23, 1890, for $1,300, upon which all but $415 had been paid. On March 23, 1895, A. L. Smith made an assignment for the benefit of creditors to M. G. Minter. Subsequently Minter petitioned the court for an order to sell the real estate. Annexed to the petition was a schedule of the judgments and the mortgage. An order of sale was made, and the sale subsequently took place. James B. Raby testified as follows as to what took place at the sale :

" I was present at the sale of the real estate of A. L. Smith, by M. G. Minter, his assignee, as attorney of the assignee. This real estate was sold in Waynesboro, opposite the National Hotel, at public outcry. At this sale the auctioneer, A. D. Adams, first read to the bystanders the advertisement. I then read to them the written conditions of the sale and immediately after doing so and in connection therewith, I turned to the order of sale and read to the bystanders the quotation of the charge contained in the deed from Daniel Bonebrake to A. L. Smith, which quotation is contained in the order of sale and is in the following words : ' Nevertheless the maintenance of Daniel Bonebrake and Rebecca, his wife, during their natural life, is a part of the consideration herein mentioned, therefore this title does not become clear of all incumbrances until at the death of the said Daniel Bonebrake and Rebecca his wife,' and stated to the bystanders that this farm was being sold under the order of the court subject to this charge, but in all other respects clear and divested of all liens, and that the purchasers at the sale would get a clear title excepting this charge."

The sale was confirmed and an auditor appointed to distribute the proceeds. The auditor reported that the lien created by the deed to Smith had not been divested, but that the two judgments and the mortgage had been divested, and were entitled to participate in the fund.

Exceptions to the auditor's report were dismissed by the court.

329, (1901).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*J. D. Ludwig*, for appellant.—Our contention is that the vendees purchased only the interest which remained in Smith after a fixed lien had attached. It is not claimed or pretended that the land was sold upon a claim superior in right to that of the fixed lien creditor: Devine's App., 30 Pa. 348; Fisher's Appeal, 33 Pa. 294; Helfrich v. Weaver, 61 Pa. 385; Mix v. Ackla, 7 Watts, 316; Swar's Appeal, 1 Pa. 92; Wertz's Appeal, 65 Pa. 306; Schall's Appeal, 40 Pa. 170; Lauman's Appeal, 8 Pa. 473; Northern Liberties v. Swain, 13 Pa. 113; Tower's Appropriation, 9 W. & S. 103.

Where a mortgage is preceded by a fixed lien without any intervening liens, the mortgage is not divested by a judicial sale: Ziegler's App., 35 Pa. 173; Helfrich v. Weaver, 61 Pa. 385; Wertz's App., 65 Pa. 306; Golden's App., 110 Pa. 581.

*O. C. Brown*, with him *W. U. Brewer*, *William Alexander* and *W. Rush Gillan*, for appellees.—Land may be sold subject to an intervening lien, and discharged of all others: 3 Trickett on Liens, 227; Tospon v. Sipe, 116 Pa. 588.

In every case cited in support of the contention that the Bonebrake lien was saved from divestiture by operation of law, it will be found, upon examination, that the liens there held not to have been divested, and which were declared to be fixed liens, were the first liens on the property sold.

OPINION BY BEAVER, J., October 24, 1901:

Daniel Bonebrake and Rebecca, his wife, in a deed conveying certain real estate to A. L. Smith, made the following reservation: "Nevertheless the maintenance of Daniel Bonebrake and Rebecca, his wife, during their natural life is a part of the consideration herein mentioned; therefore the title does not become clear of all incumbrances until at the death of the said Daniel Bonebrake and Rebecca, his wife." At the time of the conveyance the property conveyed was subject to the lien of a mortgage and several judgments. Smith, the grantee, subsequently made an assignment for the benefit of creditors. The real estate, upon petition of the assignee, was ordered to be sold, the liens

above recited being set forth in the petition. . The sale was made by the assignee subject to the reservation contained in the deed from Bonebrake and wife to Smith above quoted and in the deeds from the assignee to the purchasers the fact of the sale having been made subject to the said reservation was distinctly set forth. The sales so made were confirmed. After the death of Daniel Bonebrake, Rebecca Bonebrake, his wife, filed her bill in equity in the court of common pleas of Franklin county, praying for a decree compelling the purchasers of the real estate to maintain her in accordance with the provisions of the reservation in the deed from Bonebrake and wife to Smith. The court below held that the reservation contained in the deed was a lien upon the land; that, being uncertain both as to amount and the time of payment, it could not be divested by the sale and that in addition, the sale having been made subject to the reservation and so recited in the deeds under which the defendants claimed, they were bound to make reasonable provision for the support of Rebecca Bonebrake during her life. This conclusion of the court below was confirmed in the case of Bonebrake v. Summers, 8 Pa. Superior Ct. 55, the judgment in which on appeal to the Supreme Court was affirmed, 193 Pa. 22.

This case, as it was finally decided, settled two questions: first, that the reservation in the deed of Bonebrake and wife to Smith constituted a lien upon the property conveyed; second, that the lien was not divested by the sale (a) because of the uncertainty both as to amount and time of payment, and (b) that it was specifically excepted both at the assignee's sale and in the deeds from him to the several purchasers. Although not distinctly decided, it was practically admitted in the court below, in this court and in the supreme court that the liens of both mortgage and judgments were divested by the assignee's sale. The assignee having filed an account showing a balance in his hands, an auditor was appointed to make distribution, etc.

The appellant, who represented general creditors of the assignor, claimed that, inasmuch as the lien of the reservation was subsequent to those of the judgments and mortgage and further it having been determined that the said lien was not divested by the assignee's sale, that, therefore, the former liens were likewise not divested, upon the well settled principle stated

in Devine's Appeal, 30 Pa. 348 : "It is too well settled longer to be doubted that a sheriff's sale of lands under a venditioni exponas passes to the purchaser only that interest which remained in the debtor after a fixed lien had attached, unless the sale be founded upon a claim superior in right to that of the fixed lien creditor." That this rule is well settled is shown by a number of authorities quoted in the opinion of Mr. Justice Strong and by many others which have followed it.

The only question raised by the appellant is, does this principle apply in the present case ? It may be well to remark in the first place that the principle of Devine's Appeal applies to cases in which the machinery of the law has been set in operation by the plaintiff by a writ of venditioni exponas, in carrying out the mandate of which the sheriff is bound by the inflexible laws of the machinery which controls him in the execution of his writ. He, of course, has no discretion in determining what liens shall be divested and what shall remain. The law generally determines this. It was held, however, in Ziegler's Appeal, 35 Pa. 173, that, when the sheriff sold land with an express condition that the purchaser should take subject to the lien of a mortgage which would otherwise be discharged, the courts would enforce the contract. The present case is not one in which the machinery of the law was put in operation, without the direct sanction of the court. Petition was made for the sale of the assigned estate for the payment of specific liens which were set forth in the petition. The auditor finds, as a fact that the judgments and mortgage which the appellant claims were not divested by the sale actually existed at the time of the conveyance from Bonebrake and wife to Smith and that the order to sell was asked for to pay these liens, as well as those acquired subsequently to August 30, 1890. The sale so asked for was made and confirmed by the court.

The lien charged upon the real estate and created by the reservation in the deed remained a lien, first, because of the uncertainty of the time when and the amount payable thereunder and was specially reserved by the assignee at the sale for that reason ; and, second, because of the contract made at the sale between the assignee and the purchaser who agreed to accept the property subject to the said lien, notwithstanding the fact

that the sale was made. for the express purpose of divesting the liens upon the property.

Whilst it is true that the object of the act of February 17, 1876 "seems to have been to make a sale by an assignee similar in its effects when the provisions of the act were complied with to those of other judicial sales" (Bonebrake v. Summers, 8 Pa. Superior Ct. 55), it is, nevertheless, true that the machinery of the act of 1876, governing assignees' sales, can be put in operation only after petition to and order from the court for such sale. The petition in this case was for an order to sell divesting the liens specifically set forth, the sale was so made, it was so returned, it was confirmed by the court. It will hardly be alleged that the court had no authority to make this order of sale and to accept the return made by the assignee and confirm the sale so made, yet we are asked to say that the court had no such power, because under the rules which govern in a sheriff's sale under a venditioni exponas, he is unable to vary or modify the rule in regard to the divesture of liens. We cannot say this. The provision which requires application to be made to the court for an order of sale of itself implies that the court will determine the conditions under which the sale is to be made; and, when these conditions are properly set forth in the order of sale, are made known at the day of sale and purchasers take their land subject thereto, the contract which is thereby made should be enforced. We held in Bonebrake v. Summers, supra, that the lien was not divested, because of the express contract made with the purchasers that it should not be divested. Shall we now hold that the remainder of the contract, implied, if not expressed, that the other liens were to be divested by the sale, is not binding? This would be manifestly inequitable and unjust and is not in our judgment imposed upon us by the rule of law relating to sheriff's sales. Nor from this point of view can the appellant complain for he would certainly have been in no better position if the Bonebrake charge had been divested by the sale. Although the question of the divestiture of the liens of the judgments and mortgage which the appellant claims were not divested by the assignee's sale was not clearly before us in the case of Bonebrake v. Summers, supra, it is, nevertheless, true that that question was incidentally considered and at least impliedly passed upon. The opinion of this court and of the

Supreme Court are based upon the assumption that these liens were divested. We agree, therefore, with the auditor's ninth conclusion of law, that "The liens existing prior to the date of the conveyance to A. L. Smith by Daniel Bonebrake and wife, to wit: judgment, No. 251, April term, 1894, judgment, No. 115, December term, 1892, and mortgage vol. 'p,' page 69, were divested by the sale by the assignee, under an order of court, and are entitled to participate in the fund before the auditor." It follows that the decree of the court below, confirming the report of the auditor, should stand.

Decree affirmed.