## Fischer, Appellant, *v.* Woodruff, Executor.

*Judgment—Confessed judgments—Decedents' estates — Striking off of judgments.*

1. In the absence of fraud or collusion a judgment against a decedent's estate will not be stricken off at the instance of a creditor of such estate and the creditor of a legatee has no higher rights.

2. A judgment should not be stricken from the record even if so confessed by an executor as to bind him personally and not the estate.

3. Where an executor without special powers confessed a judgment against his decedent's estate at the request and for the benefit of the sole legatee, the purchaser of such legatee's interest in the property had no standing thereafter to petition the court to strike off the judgment, whatever rights he may have had to defend the land against proceedings brought to enforce the judgment.

Argued Feb. 22, 1916. Appeal, No. 371, Jan. T., 1915, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1907, No. 593, striking off judgment, in case of Emily Fischer v. C. S. Woodruff, Executor of Estate of Charles DuPont Breck, Deceased. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Rule to strike off judgment. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The court struck off the judgment. The judgment plaintiff appealed.

*Error assigned* was the order of the court.

*James Gardner Sanderson,* and *John P. Kelly,* with them *F. W. Wheaton,* for appellant.—The petitioners are strangers to the record and have no standing to ask that the judgment be stricken off: Drexel's App., 6 Pa. 272; Covey v. Wheeler, Trustee of E. A. U. No. 518, 23 Pa. C. C. 467; Gaehring v. Haedrich, 8 Pa. Superior Ct. 507; McClurg v. Schwartz, 87 Pa. 521; Hall v. West Chester Publishing Co., 180 Pa. 561; Hauer's App., 5 W. & S. 473; Woods v. Irwin, 141 Pa. 278; Milleisen v. Senseman, 4 Pa. Superior Ct. 455.

Anna E. Breck and those claiming under her are estopped by laches and her conduct from setting up any defense save that of payment: Cyphert v. McClune, 22 Pa. 195; Irwin's App., 22 W. N. C. 140; Applebee's App., 126 Pa. 385; Citizen's Trust & Surety Co. v. Goodchild, 195 Pa. 80; Richards' App., 127 Pa. 63; Littster v. Littster, 151 Pa. 474; In re Polsgrove, Pott's App., 5 Pa. 500; Sheble & Hill v. Patterson, et al., 5 Kulp 153; Ashton's App., 4 Walker (Pa.) 492; Sullivan, et al., Exec'rs. v. Sweeny, 189 Pa. 474; Humphrey, Assignee, v. Lozier, 154 Pa. 410; Bigelow on Estoppel, 6th Ed. 746.

*H. A. Knapp,* of *Warren, Knapp, O'Malley & Hill,* with him *Lee P. Stark,* for appellee.—The judgment was ineffective to create a lien on the decedent's real estate: Spencer v. Jennings, 139 Pa. 198; Merkel's Est., 131 Pa. 584; Gebbler v. Culin, 6 Philadelphia 130; Rosengarten's Est., 30 Pa. Superior Ct. 244.

The appellee has standing to attack the validity of the judgment: Long v. Lemoyne Boro., 222 Pa. 311; Bryn Mawr Nat. Bank v. James, 152 Pa. 164; Orne v. Ritchie, 12 Philadelphia 231; Commercial Saving & Loan Co. v. Keisler, 24 Pa. D. R. 338; Caldwell v. Walters, 18 Pa. 79; Yaple v. Titus, 41 Pa. 195; Knox v. Flack, 22 Pa. 337; Baker v. Singer Mfg. Co., 122 Pa. 363.

OPINION BY MR. JUSTICE WALLING, May 23, 1916:

Charles DuPont Breck died testate in 1906.  All his real estate, including lands in Luzerne and Lackawanna Counties, was devised to his widow, Anna E. Breck, as sole residuary legatee.  Defendant, C. S. Woodruff was appointed and qualified as his executor, without special powers.  Said decedent at the time of his death was indebted to Emily Fischer, the above plaintiff, in the sum of eight thousand dollars, secured by a bond and mortgage upon land in Luzerne County.  The estate being involved and having an advantageous opportunity to sell the land covered by said mortgage in Luzerne County, the executor and Mrs. Breck as such sole legatee requested plaintiff to accept a payment on said indebtedness and discharge the mortgage, and to take as security for the balance thereof a judgment upon the lands of said estate in Lackawanna County.  Relying upon their assurance that such would be perfectly valid, she consented thereto, and on August 10, 1907, received from the executor a note for $6,673.47, for the balance of such indebtedness.  The note is as follows, viz:

"$6,673.47                              August 10, 1907

...... One day......after date......I......promise to pay to the order of......Emily Fischer......six thousand six hundred seventy-three 47-100 dollars.

"Without defalcation, value received, with interest.

"And further, I do hereby empower any Attorney of any Court of record within the United States, or elsewhere, to appear for me and after one or more declarations filed, confess judgment against me as of any term for the above sum, with costs of suit and attorney's commission of — per cent. for collection, and release of all errors, and without stay of execution, and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to; and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption to be claimed under and by virtue of any

exemption law now in force or which may be hereafter passed.

"Witness       hand and seal.

"C. S. WOODRUFF, Executor,      (L. S.)

"Estate Charles du Pont Breck  (L. S.)."

Judgment against the estate was entered thereon in the Court of Common Pleas of Lackawanna County to November Term, 1907.   The entire transaction was at the request and under the direction of Mrs. Anna E. Breck sole legatee and for her benefit.   Thereafter a judgment was recovered against her in Lackawanna County on a personal indebtedness to a third party, and on June 5, 1915, her interest in a part of the lands of said estate was sold by the sheriff to Reese H. Harris, who on June 23, 1915, presented his petition to the court below praying in effect that said judgment first above mentioned be stricken from the record as a cloud upon his title.   Plaintiff filed an answer, and the case was heard upon Mr. Harris' demurrer thereto.

In 1912 a scire facias was issued to revive and continue said first named judgment against the Charles du Pont Breck estate, to which Mrs. Breck filed an affidavit of defense alleging payment, or want of consideration, and that proceeding is still pending.   At one time she became a party to the petition of Mr. Harris, to strike off said judgment, but later withdrew therefrom.

The court below, after hearing, made absolute the rule to strike off said judgment.   The order being as follows, viz:

"The rule to show cause is made absolute and as against the estate of testator the judgment is stricken off without prejudice to any right which plaintiff may have either to assert it against the executor in person or to make claim for the amount on distribution of any funds of the estate which may come to his hands or with which he may become chargeable on settlement of his account.           "By the court,

"NEWCOMB, J.

"September 11, 1915."

Wherein we believed the court erred, for whatever the status of the judgment in question when confessed we are of the opinion that Reese H. Harris the petitioner has no standing to ask that it be stricken off. It is a general rule that in the absence of fraud or collusion a judgment against an estate will not be stricken off at the instance of a creditor of such estate: Woods v. Irwin, 141 Pa. 278; See also Hall v. West Chester Publishing Co., 180 Pa. 561, and Gaehring & Co. v. Haedrich, 8 Pa. Superior Ct. 507. And the creditor of a legatee has certainly no higher rights.

A stranger or third party can only interfere with a judgment where it is collusive: Drexel's App., 6 Pa. 272; Milleisen v. Senseman, 4 Pa. Superior Ct. 455. See also, Holshue v. Morgan, 170 Pa. 217, and Miners Trust Company Bank v. Roseberry, 81 Pa. 309; Davidson v. Thornton, 7 Pa. 128; Law's Est., 140 Pa. 444.

As the executor confessed the judgment by the request and at the direction of the sole legatee, Mrs. Breck, and for her benefit; and she suffered it to remain on the record unchallenged for nearly eight years; and, in her affidavit of defense to the scire facias issued thereon in 1912, made no denial of the power of the executor to confess the same, it should not now be vacated at her instance. And this is especially true as plaintiff accepted said judgment in place of her Luzerne County mortgage to accommodate and assist Mrs. Breck. Good faith will not at this late day permit the latter to repudiate the transaction: McWilliams' App., 117 Pa. 111.

The rights of Mr. Harris who acquired title by virtue of a judgment entered against Mrs. Breck at a later date are generally speaking not higher than hers.

"A bona fide purchaser at a valid sale of property under execution, who has received the sheriff's deed therefor, acquires all the rights, title and interest of the judgment debtor therein, whether legal or equitable, and nothing more": 17 Cyc. 1288. In support of which, authorities are cited from this and other jurisdictions.

The purchaser of a legatee's interest in land belonging to a testator's estate cannot ask that a judgment against the estate be stricken off, whatever his rights may be to defend the land so bought against the judgment. The judgment purports to be against the estate, not merely against the land bought by Mr. Harris, which of itself is sufficient reason for not striking it off on his petition. It is not necessary here to decide, what if any remedy he may have should an attempt be made to take such land in satisfaction of the judgment.

A judgment should not be stricken from the record even if so confessed by an executor as to bind him personally and not the estate.

In disposing of this case upon demurrer we have assumed the facts to be as stated in plaintiff's answer.

The order striking off the judgment in above case is reversed and the judgment reinstated at the cost of the appellee.