DiCarlo, Appellant, *v.* Licini.

Argued September 29, 1944. Before KELLER, P. J., RHODES, HIRT, RENO and JAMES, JJ. (BALDRIGE, J., absent).

*E. H. Silverberg,* with him *Wolf, Bock, Schorr &
Solis-Cohen* and *Bernard R. Cohn,* for appellant.

*Martin G. Stein,* for appellee.

OPINION BY JAMES, J., December 15, 1944:

This is a proceeding under the Act of April 20, 1905,
P. L. 239, 12 PS §2571 by the purchaser of real estate
at a sheriff's sale to obtain possession of the premises.
The appellees are Natalina Licini, the judgment debtor
and the beneficiary under the trust indenture executed
by Walter M. Straus in conveying the property to
Frank Licini, the other appellee, as trustee. In satis-
faction of a judgment entered against Natalina Licini,
the premises at 1225 S. 13th Street, Philadelphia, were
sold to appellant, who brought this proceeding after
appellees refused to surrender possession.

Since the Act of 1905 provides only a more expedi-
tious remedy than ejectment, *Moyer v. Diehl,* 130 Pa.
Superior Ct. 115, 120, 196 A. 575, appellant must prove
that he has acquired title in order to succeed. It is
elementary that a purchaser at a sheriff's sale obtains
the estate which the defendant in execution owned, and
no more, *Taylor v. Bailey,* 323 Pa. 278, 284, 185 A. 699;
*Fischer v. Woodruff, Exr.,* 254 Pa. 140, 98A. 878, so
that the crucial issue depends upon the interest held by
Natalina Licini.

Appellant depends largely on those provisions in the
trust instrument which leave the trustee with the nomi-
nal duties of suffering and permitting Natalina Licini
to occupy, manage, and demise the premises and col-
lect the rents, and of conveying and granting the prop-
erty to whomever she may designate, and give the bene-
ficiary the power of appointment, sale, management,
and use, to determine that Natalina Licini received an
estate in fee.

The terms of the trust declare "...... that he the said Frank Licini ...... shall permit and suffer Natalina Licini to ...... receive and enjoy the rents, issues and profits ...... for and during the term of her natural life for her sole and separate use ...... without any hindrance or molestation of any present or future husband she may have or take ......" Other clauses of the trust agreement provide that the trustee shall convey the premises to such persons as Natalina Licini shall direct, limit or appoint, by will, and shall also execute any deed, mortgage or other writing which Natalina Licini shall deem proper, and the monies arising from the sale or mortgage to be for the sole and separate use of Natalina Licini; "and in the case of no such direction, limitation or appointment, then the said premises shall go to and vest in the said Frank Licini, his heirs and assigns ......" It further provided that the trustee shall have the right to retain and reimburse to himself, out of the premises, all costs, charges and expenses that he "...... may be put to in the performance or execution of this trust. ......" In his answer to the petition the trustee averred that in the performance of his duties as trustee he had expended $5,000 and upwards.

Since Natalina Licini was, as she still is, a married woman when the trust was created, the sole and separate use provision has continuously remained valid. Consequently, it is immaterial that the duties which devolve upon the trustee are of a passive nature, which would normally lead to the execution of the equitable interests into legal rights. "Where the trust is not active the legal estate will remain in the trustee so long as it is necessary to preserve the estate itself, as in the case of a trust for a married woman to protect the estate from her husband; ......" *Dodson v. Ball,* 60 Pa. 492, 496; *Kay v. Scates,* 37 Pa. 31, 37; *Rife v. Geyer,* 59 Pa. 393, 396; *Little v. Wilcox,* 119 Pa. 439, 448, 13 A. 468; *Carson v. Fuhs,* 131 Pa. 256, 18 A. 1017.

In *Pullen v. Rienhad,* I Wharton 513, a sole and separate use trust was upheld, though the beneficiary could occupy, devise, and convey the property, and enjoy its rents and profits, she paying the taxes and making the repairs. See also *McFadden v. Drake,* 79 Pa. 473. The passage of the Married Woman's Act of April 11, 1848, P. L. 536, and the Married Person's Property Act of June 3, 1887, P. L. 332, repealed by the Act of June 8, 1893, P. L. 344, 48 P S§31, did not have any effect upon the construction of an instrument such as would have been held to create an equitable separate estate, executed prior or subsequent to the passage of the Acts. A sole and separate use trust continues to serve its function of reducing the sway of the husband by endowing the trustee with the duty of executing a conveyance, and a sole and separate use provision in an otherwise passive trust will still be effected by declaring the entire trust active.

Furthermore, the right of Frank Licini to a remainder over in case the beneficiary fails to exercise her powers of revocation, appointment or sale suffices to keep the trust in an active state. After all, the future interest of Frank Licini was vested, *Overbrook Heights B. & L. Assoc. v. Wilson,* 333 Pa. 449, 5 A. (2d) 529; *Riverside Tr. Co. v. Twitchell,* 342 Pa. 558, 20 A. (2d) 768; Restatement, 2 Property, §157, especially comment "p" ill. 12, and while subject to complete defeasance, it represents a property right subject to attachment execution, *Riverside Tr. Co. v. Twitchell,* supra. See *Cunningham's Est.,* 340 Pa. 265, 269, 16 A. (2d) 712; *Carter v. Martin,* 307 Pa. 515, 162 A. 220; Restatement, 2 Property, §162. To merge the use immediately would deprive the remainderman of this interest which might never be divested should the life beneficiary fail to exert her powers, and nullify the intent of the settlor, who, though granting a slim and tenuous interest, nevertheless wished to convey some semblance of title.

Under an active trust, the legal title to the res re-

mains in the trustee, and the subject matter of the trust cannot be sold to pay the debt of the beneficiary. Regardless of what rights were transferred by the judicial sale, title could not pass to the purchaser because the judgment debtor had none, nor could he demand the possession of the premises.

There is no need to discuss the validity of the spendthrift provision. Even if appellant is correct in urging its inefficacy under *Morgan's Est.*, 223 Pa. 228, 72 A. 498, there is a deep and substantial distinction between a spendthrift proviso, on the one hand, and a sole and separate use trust, especially with a remainder over, on the other hand, which would make the doctrine of Morgan's Estate inapplicable to the latter.

In view of our conclusions it is unnecessary to discuss the effect of the reimbursement clause.

The order of the court below is affirmed.