## Edgcomb Metals Co. v. Hydro-Temp, Inc.

*David R. Dearden,* for plaintiff.
*Kurt Althouse,* for garnishee and claimant.

SCHAEFFER, *P.J.,* March 7, 1984—This is an action under the Sheriff's Interpleader Rules.

Plaintiff, Edgcomb Metals Company (Edgcomb), obtained a judgment against defendant, Hydro-Temp, Inc. (Hydro-Temp), on March 7, 1983, for $10,583.07.

On May 19, 1983, Edgcomb caused a writ of execution to issue upon the judgment with a direction to levy upon Hydro-Temp's personal property and to attach anything belonging to Hydro-Temp in the possession of American Bank and Trust Co. of Pa., the claimant (American Bank).

On May 26, 1983, the sheriff levied upon numerous items of personal property at Hydro-Temp's business address.

On June 1, 1983, American Bank filed a property claim in which it claimed it had a perfected security interest in the items upon which the sheriff had levied.

On June 2, 1983, the sheriff determined American Bank was the owner of the property and valued it at $182,776.47. On Monday, June 13, 1983, Edgcomb filed objections to the sheriff's determination.

American Bank filed no bond at any time thereafter.

On November 7, 1983, Edgcomb moved for summary judgment against American Bank.[1]

---

1. We question whether a summary judgment is available in sheriff's interpleader. Pa.R.C.P. 3201, et seq., relating to sheriff's interpleader do not incorporate the assumpsit rules by reference and themselves fail to provide for any procedures for summary judgment. However, 9 Goodrich-Amram 2d, p. 742, §3213:3.2 states the following: "If, on the interpleader issue, questions of law are involved which require no testimony, or if there are admitted facts obtained by deposition, interrogatories or otherwise, summary judgment procedure is available." Goodrich-Amram, however, cites no rule or case law as authority for this statement. Nonetheless, we find a mo-

In determining a motion for summary judgment, the court must consider the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits. Pa.R.C.P. 1035. It must view the record thus presented, and the facts set forth therein, in the light most favorable to the non-moving party. If, and only if, such review convinces the court that there is no genuine issue of material fact, can summary judgment be entered.

In the case at bar, American Bank filed answers to interrogatories in which it asserts facts which, if true, show it has a perfected security interest in the items claimed, under the provisions of a security agreement, and that the security agreement contains as one of its terms a provision in which Hydro-Temp agreed not to "permit the goods to be levied upon under any legal process."

The security agreement further provides that in the event of a violation of its terms, the debtor, Hydro-Temp, will be in default and in the event of a default, grants the secured party, American Bank, the right to exercise all rights and remedies with regard to the collateral granted a secured party under the Uniform Commercial Code.[2] The collateral includes the personal property levied upon.

Thus, on the facts presented by the bank, the bank has the right to immediate possession of the items levied upon.

The Uniform Commercial Code, as adopted in Pennsylvania, provides in section 9-311 that:

---

tion for summary judgment a simple way to resolve the issue before us, and since no objection has been made to Edgcomb's procedure in utilizing the motion, we will entertain it on the merits.

2. Act of April 6, 1953, P.L. 3, as amended and re-enacted; 12A P.S. §9-101, et seq.

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."

It is clear that the debtor has the power to convey subject to the security interest and, it follows, that the sheriff has the power to levy and sell the property subject to the security interest.

However, U.C.C. §9-503 grants the secured party on default the right to immediate possession.

Therefore, as soon as the sheriff made the levy, a default occurred and American Bank had the right to possession.

Does this right to possession include the right to recover possession from the sheriff?

We hold that it does.[3] A security interest is an interest in personal property. Uniform Commercial Code, section 1-201(37). It is effective against a lien creditor. Uniform Commercial Code, section 9-102.[4] We hold, therefore, it survives an execution sale upon the lien of a lien creditor and is not discharged by such sale. We conclude American Bank's perfected security interest is more than a lien obtained by execution and levy, that it is a property interest which will not be affected by Edgcomb's writ of ex-

3. We are aware of the case of Harry Cremer, Inc. v. Morris, 37 D.&C. 2d 747 (1965), which holds to the contrary. However, we decline to follow it as it fails to fully analyze the rights of a holder of a perfected security interest under the Uniform Commercial Code, and we believe comes to an erroneous conclusion.

4. The Uniform Commercial Code defines lien creditor as "a creditor who has acquired a lien on the property involved by . . . levy . . . ." Section 9-301(3).

ecution or the sheriff's levy made thereunder. Edgcomb's lien was upon Hydro-Temp's interest only. Therefore, the sheriff could levy only upon Hydro-Temp's interest. This is established law of Pennsylvania. Fischer v. Woodruff, Exr., 254 Pa. 140, 98 Atl. 878 (1916); Devine's Appeal, 30 Pa. 348 (1858); DiCarlo v. Licini, 156 Pa. Super. 363, 40 A.2d 127 (1945).

Since American Bank has the right to take possession of the collateral from Hydro-Temp, its debtor, it follows that it has the right to take possession from the sheriff, who holds no more than the debtor's interest. Harrison Music Co. v. Drake, 43 D.&C. 2d 637 (1967); State v. Weber, 76 N. M. 636, 417 P.2d 444 (1966); William Iselin & Co. v. Burgess & Leigh, Ltd., 276 N.Y.S. 2d 659 (N.Y. Supreme Ct., 1967).

In Iselin, the Supreme Court of New York said:

"After the default, the debtor lost its right of possession and sale and retained only a contingent right in the surplus, if any, after sale . . ."

The Supreme Court of Utah, speaking through Chief Justice Callister, said:

"The most important remedy available to a secured party is the right to take possession of the collateral following a debtor's default. After default the debtor has lost his right of possession and sale and retains only a contingent right in the surplus, if any, after sale. On default a secured party is entitled to possession as against a subsequent levying creditor, for a levy cannot void the secured party's right to possession." Murdock v. Blake, 26 Utah 2d 22, 484 P.2d 164, 169 (1971).

We see no reason why the same result should not follow when the default occurs, as in the case at bar, simultaneously with, and because of, the levy.

Our conclusion is supported by the decision in our sister county of Allegheny, aids in establishing

in Pennsylvania what we believe to be a correct interpretation of the law, and furthers uniformity between Pennsylvania and the other states which have adopted the Uniform Commercial Code.

We find that if the facts presented by American Bank are true, it has the right to have the property discharged from the levy.

Since the record contains facts which, if true, would entitle American Bank to prevail on its property claim, there is a genuine issue of material fact and Edgcomb's motion for summary judgment must fail.

We cannot proceed to award summary judgment for American Bank, however, because the bank has not requested such relief and neither Edgcomb nor Hydro-Temp have been given the opportunity to present evidence by affidavit or otherwise against the bank's claim.

Therefore, the case must proceed to a hearing on Edgecomb's objections to the sheriff's determination of American Bank's property claim.[5]

Accordingly, we enter the following

## ORDER

And now, this March 7, 1984, plaintiff's motion for summary judgment is denied.

---

5. We note the Allegheny County Common Pleas Court in Harrison Music Company v. Drake, supra., entertained "a motion to discharge from levy without the necessity of posting bond." We find no other authority for a motion of this type. We do foresee danger in utilizing such a procedure. If the execution creditor or execution debtor have facts to offer against the bank's claim, how can they present them? Would it not be better to resolve the property claim by a hearing at which all parties can present evidence, or as an alternative, if Goodrich-Amram are correct, by an American Bank motion for summary judgment?