507 A.2d 870

CSS CORPORATION

v.

SHERIFF OF CHESTER COUNTY and Brandywine
Savings and Loan Association.

Appeal of BRANDYWINE SAVINGS AND
LOAN ASSOCIATION.

BRANDYWINE SAVINGS AND LOAN
ASSOCIATION, Appellant,

v.

SHERIFF OF CHESTER COUNTY and CSS Corporation.

Superior Court of Pennsylvania.

Argued Oct. 31, 1985.

Filed April 14, 1986.

Glenvar E. Harman, Downingtown, for appellant.

Jerry L. Johnson, West Chester, for appellees.

Before WICKERSHAM, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the order of the court below directing the Sheriff of Chester County to issue a deed to certain disputed property to appellee. Appellant contends that the lower court erred in finding that appellee, rather than appellant, holds the title to the property. We agree and, accordingly, reverse the order of the lower court and remand for further proceedings.

The facts of this case are not in issue.[1] On August 21, 1979, appellant, the Brandywine Savings and Loan Association, entered into a purchase money mortgage agreement with Frederick T. Holl, Jr., on certain lots, including lots 18, 20, and 24, of a subdivision in the Township of Sadsbury in Chester County, Pennsylvania. The mortgage was recorded on August 30, 1979. On August 21, 1979, appellee, CSS Corporation, also granted Holl a mortgage on lots 18, 20, and 24. That mortgage was not recorded until September 5, 1979. Under the statute regulating priority of liens,

1. On September 2, 1983, the parties' counsel entered into stipulations as to the facts. These stipulations were then supplemented by the lower court from its reading of the record. *See* Lower Court Opinion at 4 n. 3.

appellee's mortgage lien was subordinate to that of appellant. *See* 42 Pa.C.S.A. § 8141.[2] On August 13, 1981, appellant granted Holl a construction mortgage on lot 24 and recorded it on August 26. At the same time, appellee agreed to subordinate its lien on lot 24 to that of the construction mortgage.

On April 27, 1983, appellant began foreclosure proceedings against Holl on both the purchase money and construction mortgages. Both actions were reduced to judgment, and appellant instituted execution proceedings through the Office of the Sheriff of Chester County. *See* Pa.R.Civ.P. 3180–83. On July 15, 1983, the properties subject to either judgment were offered for sale by the Sheriff. Lots 18, 20, and 24, the subjects of the purchase money mortgage, were offered as sale Number 28. Lot 24, the subject of the construction mortgage, was offered as sale Number 31. When Number 28 was announced, appellant "passed," requesting that the sale be delayed until a later time.[3] When Number 31 was called, appellant announced that the property for sale, lot 24, was subject to the prior lien of appellant's purchase money mortgage on lots 18, 20, and 24.[4] Both appellant and appellee bid upon the property, with appellant placing the higher bid. After sale Number 31 was concluded, sale Number 28 was reannounced, and appellee successfully bid on that sale.

Each party then filed an action in equity seeking to enjoin the Sheriff from delivering a deed to lot 24 to the other.

2. 42 Pa.C.S.A. § 8141 provides, in pertinent part, as follows:
   Liens against real property shall have priority over each other on the following basis:
   (1) Purchase money mortgages, from the time they are delivered to the mortgagee, if they are recorded within ten days after their date; otherwise from the time they are left for record....
   (2) Other mortgages and defeasible deeds in the nature of mortgages, from the time they are left for record.

3. "Passing" is a permissible practice at sales by the Office of the Sheriff of Chester County. *See* Lower Court Opinion at 7; Stipulation of Counsel filed September 2, 1983 at 4.

4. A judicial sale does not affect the lien of a prior mortgage on the property. *See* 42 Pa.C.S.A. § 8152(a).

The lower court granted a stay prohibiting the Sheriff from issuing such a deed pending disposition of the proceedings below.[5] On June 22, 1984, the lower court filed an opinion and order, finding that appellee was the "rightful legal owner" of the property and directing the Sheriff to execute and deliver a deed accordingly. Appellant filed exceptions to that order which were dismissed on March 22, 1985. This appeal followed.

■ Appellant contends that the lower court erred in finding that appellee holds the title to lot 24. We agree. A sheriff's sale is made without warranty; the purchaser takes all the risk, and the rule of *caveat emptor* applies in all its force. *See Taylor v. Bailey,* 323 Pa. 278, 284, 185 A. 699, 702 (1936); *Smith v. Painter,* 5 Serg. & Rawle 223, 224 (1819). The purchaser at such a sale receives all the right, title, and interest in the property that the judgment debtor held, *see Bangor Park Association Case,* 370 Pa. 442, 446, 88 A.2d 769, 772 (1952); *Taylor v. Bailey, supra* at 284, 185 A. at 702; 13 Standard Pa. Practice 2d § 73:45 (1983); 22 *id.* § 121:102 (1984), and the rights of the purchaser become fixed when the property is knocked down[6] to the highest bidder. *See Bradley v. Price,* 17 D. & C.2d 368, 372 (1952), *aff'd,* 396 Pa. 234, 152 A.2d 904 (1959); 22 Standard Pa. Practice 2d § 121:103. If the debtor had no rights in the property at the time of the sheriff's sale, however, no title passes to the purchaser. *See Bangor Park Association Case, supra,* 370 Pa. at 446, 88 A.2d at 772; *DiCarlo v. Licini,* 156 Pa.Superior Ct. 363, 367, 40 A.2d 127, 129–30 (1944).

5. The parties agreed that the Sheriff could issue a deed to appellee conveying title to lots 18 and 20. *See* Lower Court Order filed March 20, 1985.

6. Property is said to be "knocked down" when the
auctioneer, by the fall of the hammer, or by any other audible or visible announcement, signifies to the bidder that he is entitled to the property on paying the amount of his bid, according to the terms of the sale.
Black's Law Dictionary 784 (5th ed. 1979).

In the instant case, appellant purchased all of Holl's legal interest in lot 24 when it successfully bid upon sale Number 31. Thus, appellant received title to lot 24 subject to the prior lien of the purchase money mortgage. When sale Number 28 was called at the conclusion of Number 31, Holl's rights in lot 24 had passed to appellant, and he no longer held any title to that property. Therefore, although appellee successfully bid upon the lots offered for sale at Number 28, it could not receive title to lot 24. Accordingly, we reverse the order of the court below and remand for further proceedings.

Order reversed; case remanded for proceedings consistent with this opinion; jurisdiction is not retained.