J-S54037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF NEW YORK MELLON AS TRUSTEE FOR GE-WMC ASSET-BACKED PASS-THROUGH CERTIFICATE SERIES 2005-2 TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY JOHN CONTE, III, A/K/A ANTHONY JOHN CONTE AND UNITED STATES OF AMERICA EASTERN DISTRICT | |
| APPEAL OF: ANTHONY JOHN CONTE, III, A/K/A ANTHONY JOHN CONTE | |
| | No. 666 EDA 2015 |

Appeal from the Order January 29, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2010, No. 532

BEFORE:  BOWES, PANELLA, AND FITZGERALD * JJ.

DISSENTING STATEMENT BY BOWES, J.:          **FILED NOVEMBER 30, 2015**

I respectfully disagree with the majority's disposition of this matter as I conclude that the failure to adjudicate the rights of the federal government by entry of a judgment is not fatal to our jurisdiction.

Appellee instituted this mortgage foreclosure action after Appellant defaulted on a mortgage that had been assigned to Appellee.  Appellee was owed nearly $530,000 when this case was instituted.  It filed the complaint solely to foreclose on the mortgaged property.  The complaint stated that the United States of America was a named defendant because it had filed a

---

* Former Justice specially assigned to the Superior Court.

federal tax lien against Appellant, and it delineated the amount of the tax lien. In my view, the failure to obtain a judgment against the federal government was unnecessary. The federal tax lien and its amount were outlined in the complaint, and its order of payment will be determined when the proceeds of the sheriff's sale are distributed.

We have previously held that an order either denying or granting a petition to set aside a sheriff's sale is a final, appealable order under Pa.R.A.P. 341 since it constitutes a final adjudication of all matters before the court. *See Nat'l Penn Bank v. Shaffer*, 672 A.2d 326, 328 n. 4 (Pa. Super. 1996) (ruling specifically that an order granting petition to set aside sheriff's sale was final appealable order since order "completely disposed of all of the parties' claims[.]"); *see also Nationstar Mortgage, LLC v. Lark*, 73 A.3d 1265 (Pa. Super 2013) (accepting jurisdiction over an order denying a motion to set aside a sheriff's sale). Accordingly, I would address the merits of this appeal rather than quash.