J. S15031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA | : | IN THE SUPERIOR COURT OF |
| THE BANK OF NEW YORK AS TRUSTEE | : | PENNSYLVANIA |
| FOR THE CERTIFICATEHOLDERS | : | |
| THE CWABS, INC., ASSET-BACKED | : | |
| CERTIFICATES, SERIES 2007-5 | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY S. O'QUINN, | : | No. 1739 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 1, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 140801768

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 01, 2018**

Anthony S. O'Quinn appeals the orders of the Court of Common Pleas of Philadelphia County that awarded The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-5 ("appellee"), an **in rem** judgment in mortgage foreclosure, denied appellant's motion to set aside sheriff's sale, denied appellant's motion to stay sheriff's deed transfer, and denied

appellant's emergency motion to stay action to stay deed transfer.[1] We affirm.

The record reflects that on August 14, 2014, appellee filed a complaint in mortgage foreclosure in the trial court. In the complaint, appellee alleged that appellant made, executed, and delivered a mortgage upon property located at 3617 Red Lion Road, Philadelphia, PA 19114 ("Property"), to Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender. The mortgage was assigned to appellee by assignment of mortgage on September 8, 2011. Appellee also asserted that it was in possession of the promissory note. Appellee alleged that the mortgage was in default because no payments had been made for the payment due on June 1, 2008, and every payment thereafter. Appellee asserted that it was due a total of $319,825.50. Appellee sought an *in rem* judgment in mortgage foreclosure in the sum of $319,825.50 plus interest from June 14, 2014, at the adjustable rate in effect from time to time until the date of judgment and other costs and charges. (Complaint in mortgage foreclosure, 8/14/14 at 1-3.)

Appellant filed an answer on September 5, 2014, and asserted that appellee lacked standing because there was no such entity as The Bank of

---

[1] Although appellant lists four orders as the orders from which he appeals in his brief, he does not challenge the denial of the motion to stay sheriff's deed transfer or the emergency motion in the argument section of his brief. Further, as we affirm the denial of the motion to set aside the sheriff's sale, the other motions are moot.

New York Mellon f/k/a Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-5 c/o Specialized Loan Servicing, LLC, and appellee was not registered to do business in 2017. Appellant also alleged violations of various federal and Pennsylvania real estate and lending acts. In addition, appellant alleged that appellee and its predecessors engaged in fraud. Appellant asserted that he had made all required payments. (Answer, 9/5/14 at 1-8.)

Appellee replied and denied the material allegations. When appellant obtained representation, he moved to amend his answer. Appellee did not contest the motion. After the parties stipulated that appellant could amend his answer, the trial court declared the motion moot. On January 5, 2015, appellant filed his amended answer and alleged that appellee lacked standing because it was not the note holder and sought dismissal of the complaint. In new matter, appellant raised some of the same alleged statutory violations as in the original answer. Appellee denied the allegation in its reply to new matter filed January 21, 2015.

On March 30, 2016, the trial court conducted a non-jury trial. Following the trial, the trial court made the following relevant findings of fact and conclusions of law:

> 1. On February 21, 2007, [appellant] executed an Adjustable Rate Note to America's Wholesale Lender (hereinafter "Lender") in the amount of

$171,500.00 (hereinafter, the "Note" and/or "Loan").

. . . .

4.  This Mortgage was admitted into evidence. The Mortgage was for real property situated at 3617 Red Lion Road, Philadelphia, Pennsylvania 19114-1435 (hereinafter "Premises).

5.  On the same date, [appellant] executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Lender and Lender's successors and assigns, in the amount of $171,500.00 (hereinafter the "Mortgage").

6.  The Mortgage was recorded on February 28, 2007, with the Philadelphia Commissioner of Records, Instrument Number 51640405.

. . . .

8.  The Mortgage was assigned to [appellee] by MERS pursuant to Assignment of Mortgage recorded on September 8, 2011, with Philadelphia Commissioner of Records, Instrument Number 52388104 (hereinafter "Assignment").

9.  The Assignment was admitted into evidence.

10. The language within the Mortgage authorized this assignment.

11. [Appellant] is the mortgagor and owner of record of the mortgaged premises.

12. Specialized Loan Servicing LLC (hereinafter "SLS") began servicing the loan in December of 2011.

13. At trial, Ms. Poch testified as a representative of SLS.

14. Ms. Poch testified that records pertaining to [appellant's] loan were verified by SLS and no discrepancies were found.

15. Ms. Poch testified that [appellee] appointed SLS as [appellee's] attorneys-in-fact and agents to effect a foreclosure of a loan.

16. Ms. Poch testified that [appellee's] custodian was in possession of the note at the time the Complaint was filed and since 2007.

. . . .

22. The Total balance due on the loan is $363,782.92.

23. The interest accrued at a per diem rate of $55.8112 for each day that the Loan remains unpaid.

## CONCLUSIONS OF LAW

1. [Appellant] defaulted on this mortgage obligation by failing to make monthly payments due on May 1, 2008 and for each month after.

2. Attorneys' fees, interest and any and all services to protect [appellee's] interest in the Mortgaged Property are all immediately due and collectible.

. . . .

7. [Appellee] is the legal owner and holder of the note. MERS acted within its authority in executing the assignment on the note to [appellee]. [Appellee] established standing by tendering proof of assignment.

. . . .

9.    [Appellee] legally owned the mortgage and was entitled to make demand upon and to enforce obligations under the note.

. . . .

11.   [Appellant] lacks standing to challenge the mortgage securitization and/or compliance with any pooling or servicing agreement.

12.   [Appellee] has demonstrated proper standing to foreclose on the Note and Mortgage.

. . . .

16.   [Appellee] has sustained its burden of proof and is entitled to *in rem* judgment in mortgage foreclosure against [appellant] on the property located at 3617 Red Lion Road, Philadelphia, Pennsylvania 19114, in the amount of $363,782.92, together with interest at the per diem rate of $55.8112.

Findings of fact and conclusions of law, 5/3/16 at 1-5.

On May 27, 2016, appellant filed a notice of appeal from the May 3, 2016 finding that appellee had sustained its burden of proof and was entitled to an *in rem* judgment. The trial court did not order appellant to file a statement of matters complained of on appeal. On June 15, 2016, the trial court filed its opinion in this matter. On September 16, 2016, this court quashed the appeal at No. 1705 EDA 2016 because a final judgment had not been entered on the docket.

On October 5, 2016, appellee praeciped for a writ of execution. That same day, a writ of execution was issued that directed the Sheriff of

Philadelphia County to sell the Property with an amount due of $363,782.92 plus interest from May 7, 2016, in the amount of $13,896.69. On October 18, 2016, appellee's attorney filed an affidavit of service of process which indicated that on October 7, 2016, appellee served a true and correct copy of the notice of sale upon appellant's attorney.

The sheriff's sale was originally scheduled for January 10, 2017, but was continued twice until March 7, 2017. At that time, the Property was sold to appellee for $155,000.

On March 24, 2017, appellant moved to set aside the sheriff's sale. In the motion, appellant asserted that the verification attached to the complaint was deficient because it was signed by an alleged agent for appellee, Specialized Loan Servicing LLC ("SLS") and not by appellee. Appellant also asserted that appellee did not serve appellant but served someone else who happened to be at the Property at that time. In addition, appellant asserted that appellee lacked a license to operate in Pennsylvania. Appellant stated that the mortgage attached to the complaint was not the original and was insufficient to establish standing. Further, because appellee did not respond to certain discovery requests, appellant asserts that the requests for admissions should be deemed all admitted, which would result in appellee's admitting a lack of standing.

Appellant added that appellee failed to prove standing at trial. First, appellee's representative was not a representative of appellee but of SLS.

Second, the original mortgage was never recorded. Third, it was unclear that appellee had possession of the note prior to the commencement of the action on August 14, 2014. Fourth, the payment history was inadequate. Fifth, service was inadequate. Sixth, appellee was not licensed in Pennsylvania.

Appellant argued that appellee moved forward with a foreclosure sale in bad faith that contradicted public policy so the sale should be set aside. Furthermore, appellant argued that the sale should be set aside because the sale was inadequate in that the Property was sold for a price less than it is worth.

On March 27, 2017, appellant filed an emergency motion to stay deed transfer pursuant to Pa.R.C.P. 3135. Appellant alleged that the sale was improper and that appellee had harassed tenants on the Property. On March 27, 2017, the trial court granted the emergency motion to stay deed transfer until further order of court and pending disposition of appellant's motion to set aside the sheriff's sale.

On April 25, 2017, appellant filed an emergency motion to stay actions by appellee's agents and sought a court order that would bar appellee from entering onto the property or communicating with tenants in any way while proceedings were ongoing. Appellant alleged that George Prinos, an agent of appellee, had been harassing tenants at the Property and had caused appellant severe economic hardship and financial damages.

On April 26, 2017, the trial court granted the motion, stayed any action by appellee's agents until further order of court, and barred the agents from entering onto the Property or communicating with tenants while the proceedings were ongoing. The trial court scheduled a hearing for May 1, 2017.

On May 1, 2017, the trial court denied the motion to set aside sheriff's sale, the emergency motion to stay action by appellee's agents, and the motion to stay sheriff's deed transfer.

On May 31, 2017, appellant filed a Praecipe to record a *lis pendens*. That same date, appellant filed an appeal. On June 6, 2017, appellant filed an emergency motion to stay deed transfer pending appeal. On June 8, 2017, the trial court denied the emergency motion. On June 26, 2017, appellant filed an application for stay with this court. On June 27, 2017, the court denied the application for stay by *per curiam* order. The trial court did not order a statement of errors complained of on appeal. The trial court filed an opinion on August 29, 2017.

Appellant raises the following issues for this court's review:

    a.   Whether the [trial c]ourt committed an error of law by allowing [appellee] to commit fraud on the court by permitting [appellee] to submit the unfiled allegedly original mortgage as evidence and further, relying on it to show standing and the right to sue?

    b.   Whether the [trial c]ourt committed an error of law by allowing [appellee] to fail to comply with the proper recording statutes in regards

to the mortgage, assignments and all other relevant agreements?

c.   Whether the [trial c]ourt committed an error of law by allowing [appellee] to fail to have a witness with personal knowledge of anything in this matter, simply someone who read from a computer and admitted that [appellee] relied on the wrong paperwork?

d.   Whether the [trial c]ourt committed an error of law by allowing [appellee] to use an assignment of mortgage that is a statutory forgery?

e.   Whether the [trial c]ourt committed an error of law by failing to find that [appellee] completely lacked standing at the time the case was brought as well as at trial?

f.   Whether the [trial c]ourt committed an error of law by allowing [appellee] to proceed even without standing?

g.   Whether the [trial c]ourt committed an error of law in finding for [appellee] despite [appellant's] sound arguments in fact and law?

h.   Whether the [trial c]ourt committed an error of law in permitting the sheriff sale to proceed and not setting it aside?

Appellant's brief at 3.

Before addressing the merits of the issues appellant raises, this court must address appellee's contention that appellant waived all of his issues except the last one, issue h, which pertains to the motion to set aside the sheriff's sale.

Appellee asserts that appellant should be barred from appealing the disposition of the complaint in mortgage foreclosure in favor of appellee because appellee waived the issues he attempts to assert for the first time on appeal because he failed to raise them at trial and/or object at trial and he failed to file any post-trial motions.

In its opinion, the trial court referred to the failure to file post-trial motions in a footnote:

> In his motion to set aside, [appellant] also argues, *inter alia*, that (1) the verification attached to [appellee's] Mortgage Foreclosure Complaint was deficient, (2) service of the Mortgage Foreclosure Complaint was deficient, and (3) there were several errors at the non-jury trial before Judge Coleman. Because [appellant] failed to file a post-trial motion following Judge Coleman's May 3, 2016 Order, all of those claims of error are waived for appellate review. *See* Pa.R.C.P. 227.1(c)(2) ("Post-trial motions shall be filed within ten days after notice of nonsuit or the filing of the decisions or adjudication in the case of a trial without jury or equity trial."). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Chalkey v. Roush*, 805 A.2d 491 (Pa. 2002) (under Pa.R.C.P. 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party may wish to raise on appeal); *Peters v. National Interstate Ins. Co.*, 108 A.3d 38 (Pa. Super. 2014[)] (same).

Trial court opinion, 8/29/17 at 1-2 n. 1.

This court agrees with the trial court's analysis and its determination that appellant's failure to file post-trial motions results in a waiver of all issues related to the disposition of the complaint in mortgage foreclosure.

Regarding the motion to set aside the sheriff's sale, appellant contends that the trial court committed an error of law in permitting the sheriff's sale to proceed and not setting it aside.

We begin our analysis with our standard of review:

> When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion. **See Blue Ball National Bank v. Balmer**, 810 A.2d 164, 167 (Pa.Super.2002).
>
>> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. **Kaib v. Smith**, [] 684 A.2d 630 ([Pa.Super.] 1996). A sale may be set aside upon petition of an interested party where 'upon proper cause shown' the court deems it 'just and proper under the circumstances.' Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. **Bornman v. Gordon**, [] 527 A.2d 109, 111 ([Pa.Super.] 1987). Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency pertaining to the notice of sale exists or where misconduct occurs in the bidding process. **National Penn Bank v. Shaffer**, [] 672 A.2d 326 ([Pa.Super.] 1996). Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a

> sheriff's sale. ***Fidelity Bank v. Pierson***, [] 264 A.2d 682 ([Pa.] 1970). However where a 'gross inadequacy' in the price is established courts have found proper grounds exist to set aside a sheriff's sale. ***Capozzi v. Antonoplos***, [] 201 A.2d 420, 422 ([Pa.] 1964).

***Provident National Bank, N.A. v. Song***, 832 A.2d 1077, 1081 (Pa.Super. 2003).

First, appellant argues that the motion to set aside should have been granted due to fraud and tortious interference with a third party contract.

Apparently, appellant raises arguments based on his version of the facts and not the fact that the trial court granted the relief requested in the complaint in mortgage foreclosure and appellant did not challenge that determination through post-trial motions; thus waiving his arguments in that regard. Appellant cites to a regulation regarding fraud in the context of licensing for mortgage lenders. He argues that because appellee moved forward with a foreclosure in bad faith, the sheriff's sale should be set aside. He argues that this "proof of fraud" is sufficient to set aside the sheriff's sale and he has established that. It is unclear exactly what this fraud was unless it once again refers back to elements of the foreclosure and not the sheriff's sale itself. The trial court did not abuse its discretion when it declined to grant the motion to set aside the sheriff's sale on this basis.

Appellant also contends that he was not properly served with notice of the sale.

Proper method of service is set forth in Rule 3129.2(a) of the Pennsylvania Rules of Civil Procedure which provides, as follows:

> Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d).

Pa.R.C.P. 3129.2(a).

Here, the trial court determined that appellee submitted evidence that appellee properly served appellant with notice of the sheriff's sale. Exhibit B to the answer to the motion to set aside the sheriff's sale contained an affidavit of service of process from appellee's counsel that indicated that appellee served a copy of the notice of sale upon appellant's counsel by first class mail on October 7, 2016. Exhibit B also contains the United States Postal Service Certificate of Mailing that was sent to appellant in care of his counsel. Appellant does not refute these documents. Further, appellant does not specify in his brief how the service was defective except that service took place without proper notice given to him and his attorney. The trial court did not abuse its discretion when it failed to set aside the sale due to improper service.

Appellant also asserts that the sale should be set aside because it sold for far less than its market value. While price alone has not been determined to be a sufficient basis for setting aside a sheriff's sale, where a "gross inadequacy" in the price is established, courts have set aside a

sheriff's sale. There is no fixed amount or percentage of the sales price that has been deemed grossly inadequate. ***Bank of Am., N.A. v. Estate of Hood***, 47 A.3d 1208, 1211 (Pa.Super. 2012).

Here, the property sold at the sheriff's sale for $155,000. There is nothing in the record that indicates the fair market value of the property. While the amount due to appellee was more than twice that, the original mortgage was in the amount of $171,000, and the total balance of $363,782.92 consisted primarily of unpaid interest, escrow advanced, property inspection fees, and attorney's fees. Appellant did not provide an actual or estimated value of the property. "Absent evidence of the actual or estimated value of the property sold, however, a determination of gross inadequacy cannot be made." ***Bornman***, 527 A.2d at 112. The trial court did not abuse its discretion when it denied the motion to set aside the sale.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/18

- 15 -