J-S58011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 137 WDA 2018 |
| LANA LAUGHBAUM AND DAVID GUEST | : : : : : | |
| APPEAL OF: LANA LAUGHBAUM | : | |

Appeal from the Order Entered January 19, 2018
In the Court of Common Pleas of Jefferson County Civil Division at No(s):
671-2015-CD

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 07, 2018**

Appellant, Lana Laughbaum, appeals from the order entered on January 19, 2018, denying her petition to set aside sheriff's sale.  We affirm.

On August 24, 2015, the predecessor in interest to Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not Individually but as Trustee for Pretium Mortgage Acquisition Trust (hereinafter "Plaintiff"), filed a complaint in mortgage foreclosure against Appellant and claimed that Appellant defaulted upon her mortgage.[1]  Plaintiff's Complaint, 8/24/15, at ¶ 9.  The

_____

[1] The complaint also named David A. Guest as a defendant.  However, on June 27, 2017, Mr. Guest executed and filed a "Stipulation and Consent Judgment

mortgage secured real property located at 318-391 Laughbaum Drive, in Punxsutawney, Pennsylvania. ***See id.*** at ¶ 8. Plaintiff sought an *in rem* judgment in mortgage foreclosure against Appellant in the amount of $224,358.36, plus interest. ***Id.*** at "Wherefore" Clause.

Appellant did not file a responsive pleading to the complaint and, on November 17, 2016, the prothonotary entered a default judgment, *in rem*, in favor of Plaintiff's predecessor and against Appellant. Judgment, 11/17/16, at 1. A writ of execution was issued on July 26, 2017 and the property was scheduled to be sold, at sheriff's sale, on November 17, 2017, at 10:00 a.m. ***See*** Notice of Sheriff's Sale of Real Property, 8/2/17, at 1. Specifically, the Notice of Sheriff's Sale of Real Property, which was filed on August 2, 2017, declares:

**<u>NOTICE OF SHERIFF'S SALE OF REAL PROPERTY</u>**

The undersigned, Sheriff of the County of Jefferson, Commonwealth of Pennsylvania, hereby gives Notice that he will, on:

**<u>Friday, November 17, 2017, [a]t 10:00 o'clock A.M.</u>**

In the Office of the said Sheriff, in the Court House, Brookville, Pennsylvania, sell: By Virtue of Writ of Execution No. 671-2015 C.D., Wilmington Savings Fund Society, fsb, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust (Plaintiff) vs. Lana S. Laughbaum a/k/a Lana Laughbaum and David A. Guest a/k/a David Guest (Defendant[)]. Property Address: RD 5 Box 49

_____

in Foreclosure," where Mr. Guest consented to the *in rem* judgment. Further, Mr. Guest was not a party to Appellant's Petition to Set Aside Sheriff's Sale and he did not appeal the underlying judgment.

- 2 -

Route 36N a/k/a 318-391 Laughbaum Drive, Punxsutawney, PA 15767. Parcel I.D. No.: 17-524-0170; 42-505-0100; 42-521-1070-D. Improvements thereon of the residential dwelling. Judgment Amount: $236,966.99. Attorney for Plaintiff: Stephen M. Hladik, Esq., Hladik, Onorato & Federman, LLP, 298 Wissahickon Ave., North Wales, PA 19454[.]

All parties in interest and claimants are further notified that a Schedule of Proposed Distribution will be filed by the Sheriff by November 27, 2017, and that said Distribution will be made in accordance with said Schedule unless exceptions are filed thereto within ten (10) days thereafter.

All bids must be paid in full when the property is stricken down.

If all conditions of the sale are not met within one (1) hour of sale the property at the conclusion of the hour will again be put up and sold at the expense and risk of the person to whom first sold.

Carl J. Gotwald, Sr., Sheriff
County of Jefferson
Commonwealth of Pennsylvania

Notice of Sheriff's Sale of Real Property, 8/2/17, at 1 (emphasis in original).

As Kevin Bickle, the Deputy Sheriff of Jefferson County, Pennsylvania, averred:

[O]n August 18, 2017, at 1:34 [p.m.,] . . . [I] posted the within described real property at the address of 318-391 Laughbaum Drive, Punxsutawney, [Pennsylvania] . . . with a true copy of the Writ of Execution and Notice of Sheriff's Sale of Real Property.

. . .

[O]n August 18, 2017, at 1:34 [p.m.,] . . . [I] served the Writ of Execution and Notice of Sheriff Sale for [Appellant], personally, at the address of 318-391 Laughbaum Drive. . . .

> Notice of Sheriff's Sale of Real Property was given by me by posting the Notice in my Office in Brookville, Pennsylvania on August 1, 2017, and by publication once a week for three successive weeks, to wit; October 26, 2017, November 2, 2017[,] and November 9, 2017, in a newspaper of general circulation in the county, to wit; The Punxsutawney Spirit, as appears by the proof of publication that is attached to and made part of this return.

Sheriff's Distribution, 2/2/18, at 1 (emphasis omitted).

On November 16, 2017 (the day before the scheduled sheriff's sale), Appellant filed a *pro se* Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Pennsylvania. ***See In re: Lana S. Laughbaum***, Case No. 17-11219-TPA, at 1-2 (Bankr. W.D.Pa. 2017). The filing of the petition forced an automatic stay of the sheriff's sale. 11 U.S.C. § 362(a). Nevertheless, the bankruptcy court promptly dismissed Appellant's case on November 22, 2017, as Appellant filed her petition in contravention of a court-ordered two-year ban on her refiling bankruptcy petitions. ***In re: Lana S. Laughbaum***, Case No. 17-11219-TPA, at 1 (Bankr. W.D.Pa. 2017). The sheriff's sale was then rescheduled for January 12, 2018. ***See*** Notice of the Date of Continued Sheriff's Sale, 12/1/17, at 1.

On January 11, 2018 (again, the day before the scheduled sheriff's sale), Appellant filed a counseled "Motion to Allow Filing of Chapter 13 and Impose Automatic Stay" in the United States Bankruptcy Court for the Western District of Pennsylvania. ***In re: Lana S. Laughbaum***, Case No. 18-10023-TPA, at 1-3 (Bankr. W.D.Pa. 2018). Appellant requested that the bankruptcy court allow her to file a Chapter 13 bankruptcy petition and impose

"the automatic stay under [Section] 362(a) as to all creditors for the duration of [the] chapter 13 proceeding." *Id.* at 3.

The bankruptcy court held an emergency hearing on Appellant's motion on the morning of January 12, 2018. That day, the court denied Appellant's motion and immediately reinstated the dismissal of Appellant's bankruptcy case. Bankruptcy Court Order, Case No. 18-10023-TPA, 1/12/18, at 1. Further, the court ordered:

> Because of the time exigencies involved, following the hearing the Court had its staff immediately notify the Sheriff of Jefferson County by telephone that the case was being dismissed and the Sheriff Sale that was scheduled for this morning as to property of [Appellant] could proceed, and such sale will not be a violation of the automatic stay even if the sale itself were to actually occur prior to the entry of this written order confirming the dismissal of the case.

*Id.* at 2.

On January 12, 2018, the property was sold, at sheriff's sale, to an individual named Christy Hostetler. *See* Sheriff's Distribution, 2/2/18, at 1.

On January 18, 2018, Appellant filed a Petition to Set Aside Sheriff's Sale. Within this petition, Appellant demanded that the trial court set aside the sheriff's sale because Plaintiff and the sheriff "failed . . . to (i) properly provide notice; (ii) properly serve notice of the Sheriff sale on [Appellant]; and[,] (iii) comply with Pennsylvania's Rules of Civil Procedure" in noticing the sale. Appellant's Petition to Set Aside Sheriff's Sale, 1/18/18, at ¶ 24.

The trial court denied Appellant's petition on January 19, 2018 and Appellant filed a timely notice of appeal. Appellant numbers two claims in her brief:

[1.] Did the trial court err in denying [Appellant's] Petition to Set Aside Sheriff Sale?

[2.] Did the trial court abuse its discretion in denying [Appellant's] Petition to Set Aside the Sheriff Sale where, as here, [Appellant] conclusively showed: (a) defective notice; (b) defective service of process; and[,] (c) [] Plaintiff's non-compliance with the mandatory notice provisions[?]

Appellant's Brief at 4.

Pennsylvania Rule of Civil Procedure 3132 provides:

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

As this Court has explained:

[under Rule 3132,] the relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale. The decision to set aside a sheriff's sale is within the sound discretion of the trial court. A petition to set aside a sheriff's sale is based on equitable principles. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. This court will not reverse the trial court's decision absent a clear abuse of discretion.

***Irwin Union Nat'l Bank & Trust Co. v. Famous***, 4 A.3d 1099, 1102 (Pa. Super. 2010) (internal quotations and citations omitted); ***see also*** 8A GOODRICH AMRAM 2d § 3132:5 ("As a general rule, the power to set aside [a Sheriff's Sale] will be exercised whenever necessary to avoid injustice to the aggrieved party, such as where a failure to comply with the provisions of the execution Rules results in prejudice to any party in interest").

We further note that:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

***Nat'l Penn Bank v. Shaffer***, 672 A.2d 326, 328 (Pa. Super. 1996) (internal quotations, citations, and corrections omitted).

On appeal, Appellant claims that the initial notice of the sheriff's sale was invalid and that, even if the initial notice were valid, "the sale occurring on January [12], 2018, must still be set aside because 164 days elapsed between the August 2, 2017 docketing of the notice and the sale of January 12, 2018." Appellant's Brief at 14 (some internal capitalization omitted). These claims fail.

We will first analyze Appellant's claim that the initial notice of the sheriff's sale was invalid.  In relevant part, Rule 3129.2 declares:

**Rule 3129.2. Notice of Sale. Handbills. Written Notice. Publication**

(a) Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d).

(b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale, and shall include

(1) a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale, and

(2) a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty days after the sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten days after the filing of the schedule.

(c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.

(1) Service of the notice shall be made

(i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

> (A) by the sheriff or by a competent adult in the manner prescribed by Rule 402(a)[2] for the service of original process upon a defendant. . . .
>
> . . .
>
> (d) Notice containing the information required by subdivision (b) shall also be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale. No additional publication shall be required.

Pa.R.C.P. 3129.2.

According to Appellant, the initial, August 2, 2017, notice of the sheriff's sale was invalid because the sheriff – and not Plaintiff – prepared and filed the written notice of sheriff's sale. Appellant claims that this action violates Rule 3129.2(c), since the rule expressly requires that "[t]he written notice shall be prepared by the plaintiff." Appellant's Brief at 14; Pa.R.C.P. 3129.2(c).

Appellant does not claim that any required information was missing from the written notice or that the deputy sheriff did not personally serve her with the notice. Certainly, a review of the August 2, 2017 notice reveals that it contains all information required by Rule 3129.2(b) and (c); moreover, Kevin Bickle, the Deputy Sheriff of Jefferson County, averred that he served the writ

---

[2] Pennsylvania Rule of Civil Procedure 402(a) declares, in relevant part:

> (a) Original process may be served
>
> (1) by handing a copy to the defendant. . . .

Pa.R.C.P. 402(a).

of execution and written notice of sheriff's sale upon Appellant's person. ***See*** Notice of Sheriff's Sale of Real Property, 8/2/17, at 1; Sheriff's Distribution, 2/2/18, at 1. Appellant simply claims that, because the sheriff prepared and filed the written notice, the notice is invalid. We reject Appellant's hypertechnical argument.

The language in Rule 3129.2(c) indeed places the onus upon the plaintiff to prepare the written notice. ***See*** Pa.R.C.P. 3129.2(c). However, Rule 3129.2(c) does not require that the written notice contain a verification, averments, or special information from the plaintiff. Indeed, the rule declares that the written notice may simply "**consist of the handbill**" that the sheriff's office prepared. Pa.R.C.P. 3129.2(c) (emphasis added). Given this fact, it is apparent that Rule 3129.2(c) places the onus upon the plaintiff to prepare the written notice so that the burden may fall upon the plaintiff for failure to provide the written notice. In the case at bar, however, a valid written notice, with all required information, was filed on the docket and served upon Appellant.

Therefore, since a valid written notice was filed and served – and since the written notice does not require any verification, averments, or special knowledge from the plaintiff – we conclude that Appellant suffered no prejudice from the fact that the sheriff, and not Plaintiff, prepared and filed

the notice. Appellant is, thus, not entitled to relief on this claim.[3] ***See*** Pa.R.C.P. 126 ("The rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. **The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties**") (emphasis added).

Next, Appellant claims that, even if the initial notice were valid, "the sale occurring on January [12], 2018, must still be set aside because 164 days elapsed between the August 2, 2017 docketing of the notice and the sale of January 12, 2018." Appellant's Brief at 14. Appellant misreads Rule 3129.3.

Pennsylvania Rule of Civil Procedure 3129.3, entitled "Postponement of Sale. New Notice. Failure of Plaintiff to Attend Sale," provides, in relevant part:

> (a) Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.
>
> (b)(1) **If the sale is stayed**, continued, postponed or adjourned **to a date certain within one hundred thirty days of the scheduled sale**, notice of which sale was given

---

[3] Within Appellant's brief, Appellant claims in passing that "there is nothing [in] the record . . . to suggest that the Jefferson County Sheriff actually posted the real property with a handbill." Appellant's Brief at 14. This is factually incorrect, as Deputy Sheriff Bickle expressly averred: "on August 18, 2017, at 1:34 [p.m.,] . . . [I] posted the within described real property at the address of 318-391 Laughbaum Drive, Punxsutawney, [Pennsylvania] . . . with a true copy of the Writ of Execution and Notice of Sheriff's Sale of Real Property." Sheriff's Distribution, 2/2/18, at 1.

> as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, **no new notice as provided by Rule 3129.2 shall be required**, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice.

Pa.R.C.P. 3129.3 (emphasis added).

As recounted above, the property was initially scheduled to be sold, at sheriff's sale, on November 17, 2017. Notice of Sheriff's Sale of Real Property, 8/2/17, at 1. However, the sale was stayed since Appellant filed a Chapter 13 bankruptcy petition the day prior to the originally scheduled date. Following the dismissal of Appellant's bankruptcy case, the sale was then rescheduled for January 12, 2018 – and, the property was sold, at sheriff's sale, on the scheduled, January 12, 2018, date.

Thus, in the case at bar, the sheriff's sale was stayed and then postponed from the original, November 17, 2017 scheduled date until January 12, 2018. The time from November 17, 2017 until January 12, 2018 is 56 days – well within the 130 days permitted under Rule 3129.3(b)(1). **See** Pa.R.C.P. 3129.3(b)(1) ("**If the sale is stayed**, continued, postponed or adjourned **to a date certain within one hundred thirty days of the scheduled sale**, . . . **no new notice as provided by Rule 3129.2 shall be required**"). As such, and contrary to Appellant's claim that the sale occurred outside of the 130-day window, the sale in this case occurred well within the

time permitted by Rule 3129.3(b)(1). Plaintiff was thus not required to provide new notice of the sheriff's sale.[4] The claim thus fails.[5]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2018

---

[4] As noted, Appellant claims that "the sale occurring on January [12], 2018, must still be set aside because 164 days elapsed between the August 2, 2017 docketing of the notice and the sale of January 12, 2018." Appellant's Brief at 14. This constitutes a fundamental misreading of Rule 3129.3(b)(1), as the relevant dates for the rule are the originally scheduled sale date and the rescheduled sale date – and not, as Appellant claims, the date the notice of sale was filed and the date of the actual sale.

[5] Within Appellant's brief, Appellant claims that certain other filings in the case constituted notice under Rule 3129.2 and were, for various reasons, invalid under Rule 3129.2. **See** Appellant's Brief at 12-13 and 15-17. However, the other filings Appellant cites to were not notices of sheriff's sale and, thus, they did not have to comply with Rule 3129.2. Rather, in this case, the notice of sheriff's sale was filed on August 2, 2017 – and, as we explained above, the notice was valid under Rule 3129.2.